**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MICHAEL J. McPARTLAND, : | |
| : | Civil Action |
| Petitioner, : | 12-0327 (NLH) |
| : | |
| v. : | **MEMORANDUM OPINION** |
| : | |
| CHARLES SAMUELS et al., : | |
| : | |
| Respondents. : | |

**Hillman**, District Judge:

   This matter comes before the Court upon Petitioner's filing of a habeas application styled as a Section 2241 petition, which arrived accompanied by Petitioner's duly executed in forma pauperis ("IFP") application.  See Docket Entry Nos. 1 and 1-1. The Court will grant Petitioner IFP status and, for the reasons detailed below, deny his application.

I.   BACKGROUND

   A.   **The Submission at Bar**

   The application at bar ("Petition") is executed on a pre-printed Section 2241 form disseminated, seemingly, by the United States District Court for the District of Oregon.  See Docket Entry No. 1, at 1.  The Petition indicates that Petitioner was sentenced on December 3, 2008 in the United States District Court for the Northern District of Ohio ("N.D. of Ohio"), see id., at

2; the Petition is silent as to the exact circumstances of Petitioner's sentencing.  See, generally, Docket Entry No. 1.  Rather, the Petition asserts two grounds to challenge his N.D. of Ohio sentence.  See id. at 3.

The first ground asserts that Petitioner's guilty plea was tainted by the ineffective assistance of Petitioner's defense counsel who allegedly failed to inform Petitioner that the N.D. of Ohio would lack authority to impose a federal sentence to run concurrently with a sentence Petitioner expected to be imposed in state court.  In conjunction with that first ground, Petitioner maintains that the N.D. of Ohio erred in its position that it lacked authority to impose a federal sentence to run concurrently with a not-yet-imposed state sentence.[1]  See id.  Petitioner bases this claim on federal statutes and federal sentencing guidelines.  See id.

Petitioner's second ground elaborates on the first, this time basing Petitioner's position on legal precedent from the United States Court of Appeals for the Sixth Circuit ("Sixth

---

[1] It appears that Petitioner's claims implicate the recent Supreme Court decision in Setser v. United States, 2012 U.S. LEXIS 2538 (U.S. Mar. 28, 2012), where the majority held that a federal court has the power to impose a sentence concurrent to a yet-to-be-imposed state sentence.  However, while the Setser decision might have relevance to Petitioner's § 2255 claims, no statement made in this Opinion shall be construed as expressing this Court's position as to substantive or procedural merit of Petitioner's § 2255 challenges: these issues fall within sole and exclusive jurisdiction of the N.D. of Ohio and the Sixth Circuit.

Circuit"), which is the appellate forum for the N.D. of Ohio.

On the issue of exhaustion of administrative remedies, the Petition appears to argue in the alternative that: (a) Petitioner's claims were never exhausted administratively because "the grievance never originated with the BOP" and, hence, Petitioner's challenges were never presented to his warden; (b) any application to the requisite BOP process "was bypassed"; or (c) the claims are exhausted because a BOP Assistant General Counsel did not respond to Petitioner. Id.

The Petition concludes with a request to credit Petitioner's federal sentence (presumably, the one imposed by the N.D. of Ohio) with 944 days Petitioner allegedly served in state custody on the grounds that Petitioner's federal and state offenses arose out of the "same conduct" and the sentencing court in the N.D. of Ohio could have downwardly adjusted Petitioner's federal sentence to produce a result consistent with jail credit in that amount. Id. at 4.  Petitioner's later submitted memorandum and exhibits provide a record of Petitioner's state conviction in the State of Ohio and appear to argue that the BOP through its power to compute Petitioner's sentence should compute his federal sentence to reflect the adjustment he wants. See Docket Entries Nos. 3 and 4.

    **B.**   **Petitioner's Proceedings in the N.D. Ohio**

The Court located a number of legal actions pertaining to

Petitioner, two of which appear relevant to the inquiry at hand. See United States of America v. McPartland ("McPartland-I"), Crim. Action No. 08-0208 (DAK) (N.D. Ohio), and McPartland v. USA ("McPartland-II"), Civil Action No. 11-2476 (DAK) (N.D. Ohio).

    **1.**    ***McPartland-I***

McPartland-I originated on May 5, 2008, upon the federal government's filing of an indictment against Petitioner in the N.D. of Ohio. See McPartland-I, Docket Entry No. 1. The indictment charged Petitioner with various bank robbery offenses. See id. On May 15, 2008, Petitioner was arrested on the aforesaid charges and initially pled not guilty. See id., Docket Entry No. 12 and Docket Entry dated May 15, 2008. Upon losing a motion asserting that he was not competent to stand trial, see id., Docket Entries Nos. 14 and 23, Petitioner entered into a plea agreement which produced the sentence Petitioner is challenging in the instant matter. See id., Docket Entry No. 26. On December 3, 2008, the N.D. of Ohio entered Petitioner's judgment of conviction and sentence, pursuant to which Petitioner was "committed to the custody of the [BOP] for a term of 76 months." Id. Docket Entry No. 29.

Over two years later, on August 15, 2011, Petitioner filed in the N.D. of Ohio a Rule 60 motion challenging his sentence. See id. at 30. Denying Petitioner's motion, the N.D. of Ohio stated, in pertinent part, as follows:

> [O]n May 5, 2008 McPartland was indicted on five counts of bank robbery; thereafter, a supplemental information was filed on August 4, 2008, adding four additional charges of bank robbery. McPartland entered into a plea agreement in which he admitted to all counts; that plea agreement contained a waiver of his rights to challenge his conviction and his sentence . . . . The instant motion filed on August 15, 2011, seeking to modify or reduce his sentence . . . on [the grounds of] Amendment 739 to those Guidelines. . . . However, . . . , Amendment 739 was not given retroactive application. . . . The motion for relief from judgment is denied.

Id., Docket Entry No. 32, at 1-2.

Dissatisfied with the outcome, Petitioner filed another motion with the N.D. of Ohio., this time raising Section 2255 as his basis for relief. See id., Docket Entry No. 33. On December 12, 2011, the N.D. of Ohio denied that Section 2255 motion stating, in pertinent part, as follows:

> McPartland's motion under 28 U.S.C. § [2255] was not timely filed. . . . The second procedural hurdle McPartland must clear is the waiver of rights of appeal in his negotiated plea agreement. This Circuit and this Court have upheld those waivers. Enough said. . . . This Court sentenced McPartland on December 3, 2008 to 76 months . . . . *There [was] no mention of any pending state charges.* [In any event,] the Sixth Circuit has held that 18 U.S.C. § 3584(a) does not permit a district court to order a sentence to be served consecutively to a not yet imposed state sentence. Additionally, the Honorable Frederick H. McDonald , Ohio Common Pleas Court Judge, sentenced McPartland on January 13, 2009 to a term of 3 years in prison and ordered that the sentence was to be served *consecutively* to the federal sentence. . . . [Thus,] Petitioner's motion . . . pursuant to 28 U.S.C. § 2255 is denied.

Id., Docket Entry No. 37, at 2-3 citations omitted, emphasis supplied).

5

Following dismissal of his Section 2255 motion, Petitioner filed with the N.D. of Ohio a number of submissions seeking – directly or indirectly – reconsideration of the above-quoted decision, see id., Docket Entries Nos. 38, 39, 40 and 42 (filed between December 21, 2011, and January 19, 2012), as well as his appeal with the Sixth Circuit.  See id., Docket Entry No. 43 (filed on February 10, 2012).  Both these actions are still pending.  See id.

### 2.  *McPartland-II*

At the end of 2011 and beginning of 2012, that is, at the time when Petitioner was filing his motions for reconsideration in McPartland-I, his Sixth Circuit appeal and the Petition at bar, Petitioner also commenced another Section 2255 action in the N.D. of Ohio: that action is his currently pending McPartland-II proceeding.  See McPartland-II, Docket Entries Nos. 1 and 2. While set forth in different language, the petition filed in McPartland-II is substantively indistinguishable from that filed in the instant matter and from the Section 2255 motion dismissed by the N.D. of Ohio in McPartland-I.

**II.  DISCUSSION**

    **A.  Challenges to the Sentence Imposed by the N.D. Ohio**

        **1.  *Lack of Jurisdiction***

To the extent Petitioner alleges that the N.D. of Ohio should have provided for concurrent federal and state sentences

under U.S.S.G. §§ 5G1.3(b) and 5G1.3(c), this Court must dismiss the Petition for lack of jurisdiction. A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, see Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, see Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Here, Petitioner's situation is not the rare one rendering § 2255 inadequate or ineffective. Indeed, challenges to the application of the Sentencing Guidelines are properly considered under § 2255. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004) (explaining that a prisoner attacking the validity of his

sentence, as opposed to the execution of his sentence, must proceed under § 2255). These challenges were already considered by the N.D. of Ohio, indeed proving that Section 2255 was an effective vehicle for raising such claims. Therefore, this Court must dismiss Petitioner's § 2241 petition for lack of jurisdiction.

### 2. *Transfer to the N.D. of Ohio Is Unwarranted*

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. See 28 U.S.C. § 2244. Since Petitioner's § 2255 motion was already filed with and dismissed by the N.D. of Ohio in McPartland-I, his appeal as to that dismissal is currently pending before the Sixth Circuit, and Petitioner instituted a second successive § 2255 action with the N.D. of Ohio, it is not in the interest of justice to transfer this Petition to the N.D. of Ohio or to the Sixth Circuit.

### B. **Section 2241 Challenges Against the BOP, if Any**

Since Petitioner elected to label his application as a Section 2241 petition, this Court will also examine Petitioner's

submission under that statute and conclude that it is unexhausted.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Rogers v. United States, 180 F.3d 349, 358 & n.16 (1st Cir. 1999); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam). In order to exhaust, petitioners must satisfy the procedural requirements of the administrative remedy process.[2]  See Moscato,

---

[2] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of his/her own confinement." See 28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  See 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  See 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  See id.  Appeal to the General Counsel is the final administrative appeal.  See id.  If responses at each level are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

98 F.3d at 761-62.

Here, Petitioner sent a letter to a certain counsel in a certain "Designation Center," but the three levels of the BOP were not put on notice of Petitioner's challenges by means of that letter and, thus, the BOP, was unable to apply its expertise to these challenges.  See id. at 761-62 (explaining why exhaustion is required under § 2241).  Nor has Petitioner shown that exhaustion would be futile or excused on any other ground.  See Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also Fazzini v. N.E. Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006) ("[A] habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner").  Consequently, Petitioner's Section 2241 claims, if any such claims were intended, are subject to dismissal without prejudice,[3] as unexhausted.

**III. CONCLUSION**

For the foregoing reasons, Petitioner will be granted IFP

---

[3] In the event Petitioner has, during the pendency of this matter, duly exhausted his claims administratively, he shall notify this Court of that development in a written statement, which: (a) must be filed with the Clerk within forty-five days from the date of entry of this Opinion and accompanying Order; and, in addition, (b) must include a clear and concise statement summarizing Petitioner's challenges to the calculation of his federal sentence by prison authorities.  In the event the Clerk timely receives such written statement, this Court will direct the Clerk to reopen this matter and will address the merits of such written statement.

status, and his Petition will be dismissed.

Since this court lacks jurisdiction of such claims, such dismissal will be with prejudice as to all claims challenging Petitioner's federal conviction and sentence. Such dismissal will be without prejudice as to all claims, to the extent the Petition asserts such claims, challenging the BOP's calculation of his federal term as imposed by the N.D. of Ohio.

                                             s/ Noel L. Hillman
                                             **NOEL L. HILLMAN**
                                             **United States District Judge**

Dated: July 11, 2012

At Camden, New Jersey